# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:16CR00028-004 |
| v. | ) | **OPINION AND ORDER** |
| **GEORGE BOWLING,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*George Bowling, Pro Se.*

The defendant, a federal inmate, has filed a pro se motion which I interpret as a motion pursuant to the First Step Act of 2018 (Act) seeking compassionate release from the sentence of imprisonment imposed by this court in order to care for his parents.

Prior to the Act, only the Director of the Bureau of Prisons (BOP) could file a motion with the court seeking compassionate release for an inmate. However, the Act amended 18 U.S.C. § 3582(c) to provide that a sentencing court may, after considering the sentencing factors set out in 18 U.S.C. § 3553(a), modify a sentence to grant compassionate release either upon motion of the Director "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's

facility." 18 U.S.C. § 3582(c)(1)(A); *see United States v. Brewington*, No. 2:12CR00009-007, 2019 WL 3317972, at *1 (W.D. Va. July 24, 2019).

There is no indication given that the inmate has exhausted his administrative remedies as required by the Act.  Accordingly, I deny the motion, ECF No. 208, without prejudice.  If he fully exhausts his administrative remedies with the BOP, and his request is denied, or if the Warden does not respond to his request within 30 days, he may refile his motion.

It is so **ORDERED**.

ENTER: April 14, 2020

/s/  JAMES P. JONES
United States District Judge